Fourth and last argument for today the court will hear is docket number 22-1610 Forsythe v. McDonough. Good morning your honors. My name is Fallon Marie Lopenzina and I represent the veteran David Forsythe. May I please the court? Your honors, appellant has advanced four arguments to this court and I'll go through each of them today. At the veterans court Mr. Forsythe argued that the VA failed to comport with the temporal requirements that have been imposed by 5103 a1 and 3159 b1 when issuing notice to the veteran. The veterans court in this case found that the notice comported with the law and cited to Wilson and then also opined that the in accordance with 5103 and 3159. Moreover the veterans court has misinterpreted the statutory language which clearly demonstrates the imposition of a temporal condition and instead about the old statute or the new statute? Your honor, the new statute is very specific in that 5103 a1 says the VA must issue notice to the veteran of evidence necessary to substantiate the claim that was not previously provided to the secretary. This is corroborated by the enacting regulation 3159 b1 which says... Well the enacting regulation goes to the old statute that had a different timing requirement. Right, but the statute still contains... That this stuff about any evidence not already provided to the secretary means that all the notice has to come after stuff is provided to the secretary because these veterans have all... The secretary already has tons of information before a claim is submitted most of the time. These veterans have gone to VA hospitals. There are medical reports. There are all kinds of service records. That's what this means. It doesn't... I mean the legislative history for the new statute makes clear that it was getting rid of the temporal requirement, doesn't it? The legislative intent does say that. However the language, the plain language of the statute, which is what governs, still has the effect of saying that there is going to be a review of the information submitted and that there's going to be an analysis of that and then the VA is then going to provide notice to the veteran of what is still needed to substantiate the claim. I respectfully... Wait, wait, wait. Are you suggesting that what this requires is the VA gets specific evidence and looks at it and then says to the veteran, oh you failed on this prong. You failed on this prong. Give us this evidence. No, that's not what I'm suggesting. Right, that's inconsistent with Wilson. Actually what Wilson says is that the notice must identify the information and evidence necessary to substantiate the particular type of claim being asserted by the veteran and such a notice is required to be issued after the initial claim for benefits. The Wilson case... That portion of Wilson has been superseded by the statute. But the statute still says that the VA will provide notice of what's needed to substantiate the claim that has not previously been provided by the veteran to the VA. Sure, the VA may have some of the veteran's STR. Do they have all of the... Doesn't the notice he was given say that? I'm sorry? Doesn't the notice he was given say that? It doesn't describe exactly what the veteran has to give that hasn't already been provided to the VA. No, how can the VA provide, how can the veteran provide additional information if they've only submitted certain items and then the VA is not reviewing it to determine what else is needed to substantiate the claim? That sounds like you're asking for a case file review and an individualized notice. No, what I'm asking for is what the statute says, which is that the VA is to provide notice about evidence that has not already been previously provided to them. But the notice here describes in detail what the veteran has to give. And so, the veteran knows what he has to give or she has to give that hasn't already been provided. I think that this sounds like a rationalization of what, I mean, that's exactly what the veteran's perfectly clear that the VA understands that these veterans engage in an ongoing part of the VA system and the VA already has tons of information. And it's not going to require the veteran to resubmit medical examinations and all the stuff that already happened. Respectfully, I'd really like an opportunity to respond to that. I have been doing this for seven years. I've represented hundreds of veterans. That's not a long time, maybe in other people's cases, but I've seen a lot of this. There are tons of records. The VA will have been prosecuted. Okay, can I just, no, no, no, no, no, no, no, no, no, no, no, no, no. We get to ask the questions. Describe to me what you think this notice should look like. What I'm trying to say to you is that there are tons of records the VA does not possess that are private records, that are buddy statements. In addition, the VA doesn't even have its own military records a lot of the time, and we have to press on them to request things from the archives. They don't always have the records. In this particular case, the veteran submitted one medical nexus opinion and his DD-214. He did not receive notice of what was needed to substantiate his claim. And now the VA developed a negative medical opinion against it, and that was all they had to decide his claim. So if this process worked like you think, your description of it, what would the notice have said to the veteran in your case? What I'm saying is that the notice is required to be issued after the VA- What would it have said in your particular- It would have advised the veteran of what is still needed to substantiate the claim after what's already been provided. It's the same effect that was in place before the 2012 amendment. You're not being specific enough. What in this case would it- It would have advised him of additional evidence necessary to substantiate his claim that was not previously provided to the VA by him. Can you identify a couple examples of evidence that the notice would have told Mr. Forsyth he needed to come forward with? Absolutely. Your Honor, you're in receipt of the appendix from my reply brief, which shows you a sample VCA letter, which is on Exhibit A of my reply. This is what went out prior to the 2012 amendment. Any time- I just want to know- Okay. In this particular case, Mr. Forsyth- Judge Hughes is trying to explore with you, what was it that Mr. Forsyth should have gotten? When you say the VA should have provided notice of the evidence that's needed, what evidence- Can you specify that evidence? What is that evidence? Okay. As I argued in my reply brief, Mr. Forsyth did not receive the notice, and so he only submitted a medical nexus opinion in his DD-214. Had he known that he could submit additional documents and had the VA received and reviewed his application and advised him of what was still needed, they would have let him know about- What was still needed? What was still needed? Buddy's statements, lay statements from the veteran regarding his chiropractor treatment records, his primary care position, all not military-related. These are private records. Are those types of evidence not included in the original notice he got? Mr. Forsyth never received notice. He signed a claim form that had a notice attached to it. No, he signed his application for disability benefits in order to initiate a claim for benefits. That's what he signed. Let's assume for the moment that he got the notice, the standard notice that the VA has on all application forms, okay? I'm trying to understand, even if you prefer that Mr. Forsyth received a second notice after he had filed the claim, how was he harmed when he already got the notice of the specific pieces of evidence that a claimant needs to have in order to substantiate a claim? He did not receive the benefit of his application and documents being reviewed to determine what is still missing and what has not been provided to the secretary that can still be used. It's outcome-determinative evidence that's probative and missing from his claim that the VA never considered, and therefore they denied his claim. We're talking about 20 years worth of private treatment records that had he known he could have submit those, he would have, and that would have made a service connection difference. Let's, again, assume he received the generalized notice, which he, maybe he didn't read it. But I'm telling you that the veteran has not. The veteran told me- You have to assume for the purposes of Judge Hughes's question. The record shows that he signed a claim form, which indicates he received the generalized notice. Whether that factually is true or not, we can't touch. We're assuming he received that generalized notice. Is there categories of evidence in that document that you think he wasn't told he could provide? Or is what you're asking, is he got this generalized notice that said, here's all the different kinds of evidence you can provide. He provided evidence. The VA then has to look at it and say, oh, well, you should provide X, Y, and Z, because on these specific issues, you haven't proved your claim. Is that what you're saying? No. It's far more simple than that. Prior to the 2012 amendment, the VA was required to give notice of what was missing. That's all that there is. Not on an individualized basis. Yes, it was. In fact, excuse me, Your Honor. Isn't Wilson a pre-amendment? Wilson may feel this court held- Wilson says you don't have to give individualized notice. That's talking about the specificity of the notice. I just read Wilson to you, and it specifically says that- This is not a useful argument. Let's assume we disagree with you. You don't have to have a VA official read the case and say, these specific pieces of evidence are missing. What are you talking about in terms of the notice? Well, I've made multiple arguments about the notice. A, it needs to go out after the application is submitted, pursuant to the language in 5103 and 5159. Let's assume that the statute, the amended statute, suggests you're wrong on that point. Okay. The notice is also unconstitutional and violates due process. Even this court has typeface requirements. It's 14 point, and I believe double-spaced. This is a margin-to-margin, seven-page, nine-point document that you're asking 80-year-old veterans with visual impairments and cognitive disabilities to read, understand, digest, and then figure out what exactly they need to do. It's a complicated maze of this, this, if this, then that scenario that even as an attorney, we sometimes have to slog through. It's not tailored to fit the needs of the people that are trying to go through this process. The arguments that I made are also constitutional in nature, and that the notice is deficient. Your argument comes down to the argument that generalized notice is insufficient. No, not generalized notice. I'm saying that the implementation of the specific notice is not tailored to the people that it's trying to assist. That's what I'm saying. Let me ask you a question before you run out of time. I know they're not before us, but there were three or four other claims that were sent back that looked exactly like this one. How is it that this one got to be decided the way it was instead of being sent back the others were for more information? I didn't represent the veteran on those claims, so I do not know. I mean, they're not on appeal. I know that, but they're in the record. Right. The veteran was pro se at that point before the VA, and they may have gotten remanded. They were. Okay, so they may have gotten... They look exactly like this. I'm just, since you don't know, I just messed up. I apologize, Your Honor. I'm not sure what the disposition of those claims were. This case came to me through the Veterans Consortium, who I work closely with. Well, this one came with the... It must be the same doctor who gave a parametry. His doctor was just sent. It must have been that the doctors... And they all said... He said the same thing for all the claims. And five of them, four or five of them went back, three or four or five, I can't remember the number, for further development, remanded, and this one is here. It must have been something that the doctor said in the opinion to spark the VA to further develop the claim, to send it back for further development. So we don't know. Yeah. That's okay. You're pretty deep into your rebuttal. Would you like to preserve your... I'll preserve my remaining time. Okay, thank you. The government. Good morning. May it please the court. Can I just ask you a question to start that's not... Yes, Your Honor. Why hasn't the VA revoked this regulation yet? I know it's suggested that anything that's inconsistent with the new notice requirements, it reads as not being relevant anymore and it says it in general, but it would sure be a lot cleaner if this regulation wasn't on the books. Do you know of any steps they're taking to revoke it? I don't, Your Honor. I certainly agree that it would be much cleaner if it had been amended. And candidly, I think it appears to be an oversight, if anything. As far as I know, there's... But it's still a valid regulation, oversight or not. It is, Your Honor. And we presume that the VA intended it to remain a valid regulation. Yes, Your Honor. Although I think it's fairly clear that the VA did not intend the temporal aspect to remain the same, that in the proposed rulemaking... But it still is consistent. It does, Your Honor. And again, I candidly... Do you think that part is still valid? Which part, Your Honor? The temporal part. To the extent that it is inconsistent with the 2012 amendment... I mean, isn't part of the main purpose of that amendment, at least with this part of the statute, is to get rid of that temporal requirement? It is, Your Honor. And I think it is possible that... Well, that's what the legislative history said, but that's not what the statute says. Well, respectfully, Your Honor... This is not inconsistent with the statute, as read, if you read the statute together with the regulation. Respectfully, Your Honor, I believe it is inconsistent, given that the nature of the amendment to the statute was explicitly to excise that temporal language. I guess we're... But it doesn't mean that the VA can't do it. If they didn't say you can't do it, so VA is doing it. They made a conscious decision, we must presume. Your Honor, the statute authorizes the VA to provide regulations with respect to the content of the notice. The statute does not explicitly permit VA to regulate with respect to the timing that was explained by... From writing a rule that provides that the VA will give notice after a claim has been filed. On its face, Your Honor, no. So when we're just looking at the regulation on its face and comparing it to 5103A1 on its face, we cannot say that they conflict with each other. I think that is correct. It may conflict with the legislative history and the intent and purpose of the 2012 amendment, but in terms of text-to-text, we cannot say that they textually are incompatible with each other. I think that is correct, Your Honor. And with that acknowledgment, again, I think the VA made it clear that its intent was to follow congressional intent and that the regulation was not intended to go forward to limit it to providing notice only after submitting a claim. VA didn't re-promulgate this regulation after the statute, right? No, Your Honor, it did not. The language from this regulation is a product of implementation of the original BCAA and the timing requirement that was still in the statute at that time. But it did look at it after the new statute came out and then did nothing. It did, Your Honor. It indicated- I must resume regularity here. It indicated that it- That they intended it to remain vital. Well, I thought it said in the regulatory history that to the extent there's any conflict between the prior rules and the current rules, the current rules apply. That's correct, Your Honor. And the proposed rulemaking explicitly said that the VA understood the change in the statute to authorize the use of this notice format in the application form. From that to preclude the post-submission help, assistance to the veteran. Well, I certainly think, Your Honor, nothing in the statute or the regulation, even as intended, would preclude the VA from providing additional assistance after the fact. And that's what he's asking for, is it? Well, no, Your Honor. I don't think- I think that what he is asking for is much more than that. I think that the real question in this case is even had Mr. Forsythe been provided this notice upon receipt of his application, it is unclear what difference that would have made, what the prejudice is here. Mr. Forsythe is effectively asking for a pre-decisional advisory opinion indicating, you know, we have reviewed your claim. Here are the things you would need to provide us in order for us to grant in your favor. And that is exactly what this court found not to be necessary in Wilson. In Wilson, is there a specific passage you can point us to where in Wilson that we held that generic notice is sufficient? It doesn't need to be specifically tailored to the claimant's claim? Yes, Your Honor. Your Honor, I am looking at- this is- it starts on 1059 and goes through 1060. It describes that, you know, that- I'll just read it. Claim with the notice must identify the information and evidence necessary to substantiate the particular type of claim being asserted by the veteran, which we refer to here as generic notice. But there is no indication that Congress intended to require an analysis of the individual claim in each case. Indeed, this court has already rejected the argument that Section 5103A requires the VA to, quote, identify with specificity the evidence necessary to substantiate the claim, unquote. And that's quoting paralyzed veterans of the 2003 case. That's not what he's asking for here. He would just like to know what is- they could send it back and say, you've only submitted a peremptory statement from your doctor. Is there anything else that you would like to offer to support your claim? And, Your Honor, the notice explains that. The notice that is provided in these cases explains the sort of three categories of evidence or issues, I guess, that have to be proven by the veteran. That is, that there was a service- in-service disability recommendation. I realize that. There's nothing wrong with it, I guess. But when they see that a veteran is doing this by himself, pro se, and all he's got is a doctor saying he's likely to be service-connected, and that's it, they would think that they would go back and say, you know, is there anything else? This doctor, that's all he said. He didn't even submit his evaluation. Respectfully, Your Honor, I think that the notice does not require them to do that. I think through this process, Mr. Forsyth was certainly afforded that opportunity. The RO decision certainly indicated why the claim was being denied. And that was primarily because there was no indication of the continuity of this disability in the previous 20 years. I think Mr. Forsyth opted for the direct review when he went to the board, but he was at any time able to go back and provide a supplemental claim that included additional records if he had them from the treatment history from previous private doctor's visits within those 20 years. As far as I know, he did not do that. I think he still could have done that at any point through this process to include up to today, and it would have preserved the effective date of his claim. He also, and I'll note, Your Honor was discussing the other claims that were at issue in this case. Most of them, I believe, were remanded because there was no VA examination done. I think there was certainly one that was remanded, and I'm going to forget which one, possibly the hip injury. But it was remanded because Mr. Forsyth made the argument that he had other treatment records from private physicians, but those did not appear in the record. And so the board specifically remanded that because those did not appear and had not been considered. So certainly Mr. Forsyth was aware that private treatment records could be considered. He provided one, and he certainly discussed others in connection with other claims. So I think that goes to show that the notice in this case was not deficient. The notice is not deficient because Wilson only requires what I'll call generic notice? That's certainly part of it, Your Honor, yes. I guess, and also because you're saying the statute doesn't require notice after the claim. Yes, Your Honor. So I think the regulation on its face seems to indicate that there does need to be some notice. Yes, Your Honor. Some notice will be provided after the claim is filed. Broadly speaking, Your Honor, I think our first point is that there was no problem with the timing of this notice. Second, that the notice itself certainly comports with this Court's holdings in Wilson and this Court's and the Veterans' Courts' holdings since then about the content of the notice. It explains the types of evidence. It explains the elements of a service connection claim that the veteran needs to substantiate. And then finally- You know, assuming we agree with your friend on the other side, and I'm not saying we do, on the timing, the content of the notice here, if given after, was consistent with the statute and our precedent. Absolutely, Your Honor. We think that there is no question that the content of this notice is sufficient. So then that raises the question of what kind of prejudice could there possibly be if the notice was moved up in time instead of being, you know, done after the claim had been filed. It was right there with the application. Correct, Your Honor. And we don't think there is any prejudice. Other than the fact that it's pretty much of a maze. Your Honor, respectfully, I would disagree that the notice is- Well, I've read it too. Understood. And I think the notice is about as clear as it can be. It certainly provides very delineated sections about what type of claim you are pursuing. And if you are in this type of claim, here are the things you need to do. You know, it uses bold, it uses italics. It certainly also indicates on the front very clearly, you may wish to contact a VSO representative or your local VA office for help with this. Candidly, Your Honor, I don't know that the content of the claim really came up until later in this case. But again, to the extent that the court is reviewing the contents of this claim, I think it certainly includes the information that it is required to and does it in a very clear format. Unless the court has any further questions, we ask that the court affirm the VA, the Veterans Court's decision. Thank you. I just want to reiterate to the court that the issue of Wilson should not be coming into play here in appellant's mind. Appellant, Wilson specifically says that the notice must identify information and medical lay evidence that's not previously provided to the secretary, but necessary to substantiate the complaint, the claim. And that's all that appellant is saying in this case, is that that's what's required. We're not looking for some specific evidence or for the VA to say, hey, can you submit this opinion from this doctor on this day? I just have one question. Yes. That is, assuming for the moment that we think Wilson only requires generic notice and that that generic notice was provided here, or at least there's substantial evidence to support that finding. It's just that it was supplied before the claim actually got filed, as opposed to that generic notice being provided to Mr. Forsyth after his claim had been filed. Is there something in your briefing that identifies what the prejudice was to Mr. Forsyth under these circumstances to have gotten that notice, that legally permissible notice, earlier in time as opposed to later? Yes, Your Honor. Appellant's reply brief went into very specific, well, I mean, the initial brief and the reply brief talked about the prejudice that occurred to Mr. Forsyth. Because Mr. Forsyth did not get the notice, let's say he did get the notice, as the court said earlier. Let's argue that he got the notice, but he only submitted the one medical nexus opinion and his DD-214. Because the VA did not receive and review his application and let him know after that application what was still needed to substantiate the claim, what was missing, according to the Mayfield Court, he never then was prompted to go, hey, wait, I've got chiropractor records, I've got primary care physician records, I've got buddies I fought with in the military, they can substantiate these things. And had I known, I would have submitted that. And that would have lessened the gap of 20 years, which is why the board denied the claim in the first place. They said that there's such a big gap of time between your service when you sustain the injury versus now when you're creating this compensation application. But there were things to fill that gap. And the prejudice is in the fact that Mr. Forsyth did not know that he could submit those things and he wasn't told by the VA. The VA has a duty to optimize the veteran's claim, to develop their claim to the maximum. And if you send the notice before, if you give the veteran the notice before they file their application, it preempts the development. The VA is not assisting him with what else is needed or how else can you prove your claim. And that's what Mr. Forsyth lost. And that's how he's prejudiced. There's now 20 years worth of treatment records from private physicians and statements from his friends and family who corroborate his shoulder issues that the VA did not have the benefit of having when they decided his claim. I want to mention one last thing. The counsel for the secretary mentioned that this is a direct review lane case. Let me remind the court, that means the record was closed as of the original decision, meaning that the veteran could submit no more evidence. So he filed his application, was never told what else he could give in order to substantiate his claim. And months later, they issued a rating decision denying it. And as of that point, he could no longer submit any more evidence to the VA about his claim. The record was closed. That's how AMA works, as I'm sure the court is aware. Okay. Thank you very much. We have your argument. And that concludes the argument. Thank you for your time.